# CRIMINAL COMPLAINT

| United States District Court | DISTRICT<br>Eastern District of Pennsylvania | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MICHAEL HOUSTON<br>EDWARD WILFORD | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>08-698M | |
| Complaint for violation of 21 §§ 841(a)(1), (b)(1)(B); 18 USC § 2 | | |
| NAME OF JUDGE OR MAGISTRATE<br>Honorable HENRY S, PERKIN | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| September 5, 2007 | 2100 North 20th St., | Michael Houston - CFCF (in custody)<br>Edward Wilford - CFCF (in custody) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about September 5, 2007, at Philadelphia, in the Eastern District of Pennsylvania, MICHAEL HOUSTON and EDWARD HOUSTON knowingly and intentionally possessed with the intent to distribute 5 grams or more, and aided and abetted the possession with intent to distribute 5 grams or more, that is, approximately 10 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| | |
|---|---|
| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Charlene M. Horay<br>OFFICIAL TITLE<br>Special Agent, ATF |

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE (1) | DATE |
|---|---|
| Honorable HENRY S. PERKIN, United States Magistrate Judge | May 23, 2008 |

1) See Federal Rules of Criminal Procedure rules 3 and 54.

**AFFIDAVIT**

1. I, Charlene M. Horay, am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since November 2005. I am currently assigned to Philadelphia Group VI, whose primary responsibilities include investigating individuals or groups who commit violations of federal firearms and narcotics laws. During my tenure as an ATF agent, I have been a part of numerous investigations, which have resulted in the arrests of individuals who have committed these violations of federal law.

2. The facts and circumstances described below have been obtained through a number of investigative sources that include ATF agents and Philadelphia Police Department ("PPD") officers, some of whom are assigned to my group, as well as the information contained in various police reports. Because this affidavit is being submitted for the limited purpose of obtaining authorization to arrest Edward WILFORD and Michael HOUSTON, I have not included everyfact known to me concerning this investigation. I have only included those facts that I believe are necessary in establishing probable cause to arrest WILFORD and HOUSTON for the offenses described below.

3. In or about November 2007, I learned that the PPD arrested Edward WILFORD and Michael HOUSTON on September 5, 2007. WILFORD and HOUSTON were charged with

firearms and narcotics violations after they, along with two other individuals,[1] were stopped in the area of 2100 North 20th Street, in North Philadelphia.

4. The facts, as outlined in the police report of investigation, are as follows: On September 5, 2007 at approximately 2:55 pm, Narcotics Strike Force police officers observed WILFORD get out of the driver's side of a 2005 black Chrysler 300M, which was registered to another person, in the area of the 2100 block of North 20th Street. Officers observed WILFORD walking from the car carrying a box of sandwich baggies in one hand and a small clear plastic bag in the other. WILFORD then handed the items to HOUSTON, who was standing in front to 2144 North 20th Street with another male. WILFORD, HOUSTON and the third male then began gambling on the street as an unidentified male approached the group. Police observed HOUSTON handing the unidentified male items from the clear baggie. This same male then handed HOUSTON an undetermined amount of cash and subsequently left the area. After the transaction between HOUSTON and this male, HOUSTON handed WILFORD the cash he [HOUSTON] had obtained from the male. WILFORD then returned to the 2005 black Chrysler 300M, entered the car for a short time, and subsequently returned to HOUSTON and the first male who were standing in front of 2144 North 20th Street. The officers, who have extensive experience and training in narcotics law enforcement, recognized this transaction as a drug sale.

5. At approximately 3:10 pm, after police believed they were in jeopardy of being detected, they moved in and stopped HOUSTON, WILFORD and two other males who were in the area of the 2100 block of North 20th Street. As they approached the men, police observed HOUSTON discard the clear baggie that WILFORD had given him, to the ground. This bag

[1] I am not seeking authorization to arrest these two individuals and I therefore have not identified them in this application. Both individuals, however, were also arrested on that date. Charges against one of these men were subsequently dropped by the Philadelphia District Attorney's office while charges against the fourth male are pending in state court.

contained numerous packets. Police subsequently arrested HOUSTON and recovered a clear bag containing thirteen purple packets, which were found to contain crack cocaine. Other officers stopped WILFORD and recovered a clear glass jar containing marijuana and approximately $199.00 in cash. In addition, police also recovered the box of clear baggies that WILFORD had in his possession when he arrived earlier that day.

6. After securing the Chrysler sedan from which they had observed WILFORD coming and going, police subsequently conducted a search of the automobile which yielded the following items: from the head liner, police found a clear baggie containing 15 black tinted packets, one clear baggie containing 12 pink tinted packets, one clear baggie containing approximately 13 gross grams of crack cocaine, and a Smith and Wesson, Model 36, .38 caliber revolver, serial number 672128 loaded with 5 live rounds of ammunition. In addition to these items, approximately $1,590.00 in cash along with a photograph of WILFORD and a receipt in WILFORD's name were recovered from the glove compartment and trunk.

7. The Philadelphia Police Department chemistry laboratory report, number 07-19359, revealed that the substance found in the various colored packets was cocaine base or "crack" cocaine. Further, the same report disclosed that the total net weight of crack cocaine found in the packets as well as in bulk form inside the Chrysler was approximately 10.29 grams.

8. Based on all the facts set forth above, your affiant avers that there is sufficient probable cause that Edward WILFORD and Michael HOUSTON have violated the following laws: 21 §§ 841(a)(1)(A), (b)(1)(B) possession with intent to distribute a controlled substance, to wit crack cocaine and 18 USC § 2 aiding and abetting.

Charlene M. Horay
Special Agent, ATF

Sworn to and subscribed
before me this 23rd day
of May, 2008.

Honorable HENRY S. PERKIN
United States Magistrate Judge